FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 27 2016

SEAN F. McAVOY, CLERK
_____ DEPUTY
YAKIMA, WASHINGTON

UNITED STATES OF AMERICA

vs.

JOSE LUIS HERNANDEZ-LOPEZ

1:15-CR-2059-SAB-3

AGREEMENT FOR PRE-TRIAL DIVERSION

It is alleged by an Indictment returned by the Grand Jury on September 9, 2015, in Cause Number 1:15-CR-2059-SAB-1 that JOSE LUIS HERNANDEZ-LOPEZ committed the following offenses against the United States in the Eastern District of Washington:

Count 1: Beginning on a date unknown to the grand jury, but no later than October 2010, and continuing through February 19, 2014, in the Eastern District of Washington, and elsewhere, TODD POMEROY, FELICINAO ROMERO LUNA, and JOSE LUIS HERNANDEZ-LOPEZ, did knowingly and willfully combine, conspire, confederate, and agree with each other and with other persons, known and unknown to the Grand Jury, to commit offenses against the United States, that is: to knowingly and willfully transport, transmit, and transfer in interstate commerce, goods and merchandise of a value of $5,000 and more, knowing the same to have been stolen and converted and did aid and abet each other and other persons, in violation of Title 18, United States Code, Sections 371, 2314, and 2.

Count 2: Beginning on a date unknown to the grand jury, but no later than October 2010, and continuing through February 19, 2014, in the Eastern District of Washington, and elsewhere, TODD POMEROY, FELICINAO ROMERO LUNA, and JOSE LUIS HERNANDEZ-LOPEZ, did knowingly and willfully transport, transmit, and transfer in interstate commerce, good and merchandise of the value of $5,000 and more, knowing the same to have been stolen and converted, all in violation of Title 18, United States Code, Sections 2314 and 2.

Upon accepting responsibility for your behavior and by your signature on this Agreement, it appearing, after an investigation of the offenses and your background, that the interests of the United

States and your own interest and the interests of justice will be served by the following procedure, therefore:

On the authority of the Attorney General of the United States, by Michael C. Ormsby, United States Attorney for the Eastern District of Washington, prosecution in this District for this offense shall be deferred for a period of 12 months from the date of the filing of this Agreement, provided you abide by the following conditions and the requirements of the Pre-Trial Diversion program set out below.

Should you violate any conditions of this supervision, the United States Attorney or his designee may revoke or modify any conditions of this Pre-Trial Diversion program or change the period of supervision for an additional period which shall in no case exceed 12 months from the original termination date of the diversion agreement. The United States Attorney may release you from supervision at any time. The United States Attorney may at any time within the period of your supervision reinitiate prosecution for this offense should you violate the conditions of this supervision and will furnish you with notice specifying the conditions of your program which you have violated. The decisions of the U.S. Attorney are made at his sole discretion and are not subject to challenge.

If, upon successful completion of the program and your period of supervision, a Pre-Trial Diversion report is received to the effect that you have complied with all the rules, regulations and conditions above mentioned, the pending indictment will be dismissed.

CONDITIONS OF PRE-TRIAL DIVERSION

1. You shall not violate any law (federal, state and local). You shall immediately contact your Pre-Trial Diversion supervisor if arrested and/or questioned by any law enforcement officer for any reason including, but not limited to, traffic infractions. A traffic infraction, other than driving under the influence, will not be deemed to be a violation of this agreement.

2. You shall be employed regularly at a lawful occupation or otherwise comply with the terms of the special program described below. In the absence of a special program, when out of work, you shall notify your diversion supervisor at once. You shall consult him/her prior to job changes. In the event you are self-employed, you shall permit your diversion supervisor and/or his/her designee to review all books, accounts, receipts, and/or tax records kept or maintained in connection with said self-employment.

3. You shall continue to live in this judicial district. If you desire to move out of the district, you shall obtain permission from your diversion supervisor so that the appropriate transfer of program responsibility can be made prior to your relocation.

4. You shall report to your diversion supervisor as directed and keep him/her informed of your whereabouts. Any failure to abide by the meeting or reporting requirements established by your diversion supervisor will be deemed to be an irrevocable violation of the instant Agreement.

5. You shall obtain and maintain, if legally possible, a valid driver's license and the appropriate vehicle insurance.

6. You agree to comply with recommended drug and alcohol treatment, as directed by your diversion supervisor.

7. You shall not possess, control and/or consume any controlled substance, which includes marijuana, or items commonly used for the consumption of such substances (drug paraphernalia), or be in any place where such substances are located, controlled and/or consumed.

8. You shall submit to random urinalysis upon the request or at the direction of your diversion supervisor.

9. You shall perform one-hundred (100) hours of community service work at a rate of not less than 8 hours per month, at a not-for-profit site approved in advance by the supervising officer.

10. You shall strive to achieve the desired goals of the program.

I, JOSE LUIS HERNANDEZ-LOPEZ, assert and certify that I am aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. I also am aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information, or in bringing a defendant to trial. I hereby request that the United States Attorney for the Eastern District of Washington defer any prosecution of me for Count 1, Conspiracy, in violation of Title 18, United States Code, Sections 371; and Count 2, Interstate Transportation of Stolen Product, in violation of Title 18, United States Code, Sections 2314 and 2, for a period of 12 months, and to induce him to defer such prosecution I agree and consent that any delay from the date of this Agreement to the date of the initiation of the prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at my request and I waive any defense to such prosecution on the ground that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations for the effective period of this Diversion Agreement.

I hereby state that the above has been read by me and explained to me by my attorney. I understand the conditions of my Pre-Trial Diversion and agree that I will comply with them.

_____     7-27-16
JOSE LUIS HERNANDEZ-LOPEZ          DATE

_____     7/27/16
VICTOR H. LARA                     DATE
Attorney for Jose Luis Hernandez-Lopez

Government's Pretrial Diversion Agreement     4

1
2  _____        7/27/16
   THOMAS J. HANLON                    DATE
3  Assistant United States Attorney

4  _____        7/27/16
5  U.S. PROBATION OFFICER              DATE

6
7  APPROVED without passing judgment on the merits or wisdom of this diversion.
8
9  _____        7/27/2016
   STANLEY A. BASTIAN                  DATE
10 United States District Court Judge

Government's Pretrial Diversion Agreement    5